# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

MICHAEL E. ACEVEDO, )
 )
    Plaintiff, )
 )
v. ) No. 4:08CV248 CDP
 )
UNITED STATES OF AMERICA, et al., )
 )
    Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff Michael E. Acevedo brings this action seeking the removal or cancellation of various notices of federal tax liens. Plaintiff is also seeking reimbursement of certain social security benefits garnished by the Internal Revenue Service ("IRS"), a judgment declaring the plaintiff's future social security benefits exempt from IRS collection and damages in excess of $60 million dollars. Named as defendants are: the United States of America, the Department of the Treasury, Financial Management Service (a bureau of the U.S. Dept. of the Treasury), Internal Revenue Service (same), Catherine M. Winka (revenue agent), Tony Colabanchi (same), Rosetta Raymond (same), Richard Boren (same), P. Reynolds (same), Cedric

Brown (same), Timothy Towns (same), Social Security Administration, Internal Revenue Tax and Audit Service, Inc. a/k/a "IRS Corp.," Carol A. Myers (employee of "IRS Corp.").

Plaintiff seeks removal or cancellation of various notices of federal tax liens by contesting the procedural validity of the notices. In particular, plaintiff argues that the notices of federal tax liens are invalid: 1) because only officers of the Bureau of Alcohol, Tobacco and Firearms, and not IRS agents, are authorized to file the notices and 2) because the United States did not first bring an action to foreclose its liens before filing the notices of federal tax liens.

Plaintiff also argues that his social security benefits were immune from levy, attachment or garnishment, and he asserts that Financial Management Service, by and through its agents, acted unlawfully in attaching such benefits and "passing them on" to the "IRS Corp."

**Discussion**

At the outset, the Court notes that all defendants, except for the United States of America, are improper parties to this action. Title 28, Section 2410 of the United States Code permits a taxpayer to bring suit against the United States to challenge the validity of federal tax liens. See also, McCarty v. United States, 929 F.2d 1085, 1088-89 (5th Cir. 1991). Neither the IRS, nor its agents or subsidiaries, can sue or be sued. See, e.g.,

Castleberry v. Acohol, Tobacco and Firearms Div. of the Treasury Dep't of the United States, 530 F.2d 672, 673 n. 3 (5th Cir. 1976) ("[T]he Congress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized them to be sued eo nomine."); Morgan v. Bureau of Alcohol, Tobacco and Firearms, 389 F.Supp. 1099 (E.D. Tenn. 1974)[1]. Nor can the Social Security Administration, or its agents, sue or be sued unless they have consented to such action. Rather, an action brought against a federal agency is effectively one brought against the United States and the agencies named in this action possess the same sovereign immunity as the United States. See Dugan v. Rank, 372 U.S. 609, 620 (1963).[2]

---

[1] The law is clear that IRS employees or agents cannot be sued for "fraudulently" issuing notices of federal tax liens. See, e .g., Shreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3rd Cir. 2000) ("[A] Bivens action should not be inferred to permit suits against IRS agents accused of violating a taxpayer's constitutional rights in the course of making a tax assessment."). Moreover, the Internal Revenue Code § 7433(a) clearly states that the exclusive remedy for any reckless or intentional act by an officer or agent of the IRS and/or for their disregard of any provisions of the tax code, is a lawsuit against the United States. 26 U.S.C. § 7433.

[2] The only purportedly "private" entity named as a defendant in this action is the Internal Revenue Tax and Audit Service, Inc. a/k/a "IRS Corp." Plaintiff contends that his social security benefits, once levied for payment of his delinquent taxes, were "passed on" to the "IRS Corp." There is no allegation in the complaint that the "IRS Corp." acted in an unlawful manner. As such, plaintiff fails to state a claim for relief against the "IRS Corp." To the extent, however, that plaintiff is claiming that the Internal Revenue Service is not an agency of the government, but rather, a private corporation, known as the "IRS Corp.," the Court notes that this line

Nonetheless, regardless of the proper defendant in this action, plaintiff's claims, on their face, are patently frivolous and must be dismissed.

Plaintiff's argument that the notices of federal tax liens are invalid because only officers of the Bureau of Alcohol, Tobacco and Firearms ("ATF"), and not IRS agents, are authorized to file the notices fails to state a claim upon which relief may be granted. Congress has authorized the Secretary of the Treasury or his delegate to file notices of federal tax liens. 26 U.S.C. §§ 6323(a); 7701(a)(11)(b). The IRS Delegation Order regarding the authority to file tax liens that was in effect at the time the notices in question were filed shows that the authority to file such notices falls within the ambit of the IRS, not the ATF. IRS Delegation Order No. 4 Rev. 22, 1997 WL 33479254 (August 18, 1997).

Similarly, plaintiff's assertions that the notices of federal tax liens are invalid because the United States did not first bring an action to foreclose its liens before filing

---

of reasoning has been consistently negated by several other courts. See, e.g., Snyder v. IRS, 596 F.Supp. 240 (N. D. Ind. 1984); Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); Salman v. Jameson, 52 F.3d 334 (9th Cir. 1995). Moreover, the claim that "[t]he Service is not an agency of the United States government but rather a private corporation or an agency of a State or Territory without authority to administer the internal revenue laws" has been identified by the IRS as a "frivolous position" that can result in a penalty of $5,000 when asserted in a tax return or included in certain collection-related submissions. Notice 2007-30, 2007-14 I.R.B. 883.

the notices is also completely without merit. Constitutional due process requires only that a person receive notice and an opportunity to be heard before an impartial trier of fact. Twining v. New Jersey, 211 U.S. 78, 110 (1908); Jacob v. Roberts, 223 U.S. 261, 265 (1912). A notice of deficiency and an opportunity to petition the Tax Court satisfies the constitutional due process that is required before a tax deficiency may be assessed. See, e.g., Phillips v. Commissioner, 283 U.S. 589, 595 (1931) ("Where, as here, adequate opportunity is afforded for later judicial determination of the legal rights, summary proceedings to secure prompt performance of pecuniary obligations to government have been consistently sustained."). So, once a tax is assessed, the government can proceed to collect it without further judicial proceedings. This was confirmed by the Supreme Court as early as 1935, and subsequently affirmed by the lower courts on several different occasions. See, e.g., Bull v. United States, 295 U.S. 247, 260 (1935) ("The assessment [of tax] is given the force of a judgment, and if the amount assessed is not paid when due, administrative officials may seize the debtor's property to satisfy the debt."); United States v. Rodgers, 461 U.S. 677, 682-683 (1983) ("Administrative levy [described in 26 U.S.C. §6331(a)], unlike an ordinary lawsuit, and unlike the procedure described in 7403, does not require any judicial intervention, and it is up to the taxpayer, if he so chooses, to go to court if he claims that the assessed amount was not legally owing."); Barnard v. Pavlish, 1998 WL 247768 at *2, No. 97-

CV-0236 (M.D. Pa. March 30, 1998) ("[T]he Internal Revenue Code grants the IRS power to levy without court authorization."); Maisano v. Welcher, 940 F.2d 499, 501 (9th Cir. 1991) (This court has held that the IRS is authorized to collect taxes by either levy or court proceeding."); Ramos v. First Hawaiian Bank, 1997 WL 720826 at *2, No. 97-704 (D. Ha. September 15, 1997) ("Neither court proceedings nor legal review is required before levy.").

Plaintiff's contentions regarding the unlawfulness of the garnishment of his social security benefits is equally without merit, and therefore, subject to dismissal.

Title 42, Section 407(a) of the United States Code provides:

[t]he right of any person to any future payment under this subchapter [Federal Old-Age, Survivors and Disability Insurance Benefits] shall not be transferable or assignable, at law or in equity, and none of the monies paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

However, 42 U.S.C. § 407(b) provides that § 407(a) may be modified by other provisions of law, so long as the modification is by "express reference to this section." Internal Revenue Code § 6334(c) provides an express reference to § 407(a), noting that notwithstanding any other law of the United States (including § 407 of the Social Security Act), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a). See Internal Revenue Code §

6334(c). Although subsection (a) of § 6634 lists various property exempt from levy by the IRS, social security benefits are not one of them. Accordingly, social security benefits are subject to levy by the IRS. See, e.g., United States v. Cleveland, 1994 WL 411376, Nos. 93C1767, 93C1768 (N.D. Ill. August 3, 1994). Pursuant to the aforementioned, it is clear that the United States, through its agents, may garnish the plaintiff's monthly social security benefits until the plaintiff's outstanding federal income taxes and any assessed penalties are paid. Accordingly, plaintiff's claims with respect to the garnishment of his social security benefits are without merit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 16th day of May, 2008.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE